UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| WYATT, TARRANT & COMBS, LLP )<br>)<br>PLAINTIFF, )<br>v. )<br>)<br>THE UNITED STATES DEPARTMENT )<br>OF HEALTH AND HUMAN SERVICES, )<br>CENTERS FOR MEDICARE AND )<br>MEDICAID SERVICES, )<br>)<br>DEFENDANT. )<br>)<br>Serve:  General Counsel )<br>        Department of Health and )<br>         Human Services )<br>        200 Independence Ave., S.W. )<br>        Washington, D.C.  20201 )<br>)<br>Serve:  David J. Hale )<br>        United States Attorney )<br>        Western District of Kentucky )<br>        717 West Broadway )<br>        Louisville, KY  40202 ) | CASE NO. 3:12-cv-811-H |

**FREEDOM OF INFORMATION ACT COMPLAINT**

Plaintiff, Wyatt, Tarrant & Combs, LLP, for its Complaint avers as follows:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552, as amended, to order Defendant, United States Department of Health and Human Services, Centers for Medicare and Medicaid Services ("**CMS**"), to produce information related to its approval of a Section 1915(b) Waiver for the Commonwealth of Kentucky which allowed for the implementation of Medicaid Managed Care as part of the Kentucky Medicaid Program.

This action is being filed because much litigation is already pending and/or imminent concerning the Waiver and its implementation. The State and managed care company defendants in those proceedings claim they have CMS approval for their actions and/or that CMS is an indispensable party to those proceedings. Plaintiff's FOIA requests and this action have been filed to determine what, in fact, information and assurances CMS received from the Commonwealth and the managed care companies, what it actually approved and other communications relating to the implementation of the Medicaid managed care program in Kentucky.

## INTRODUCTION AND VENUE

2. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §2201 et seq.

3. Venue lies in the Western District of Kentucky pursuant to 5 U.S.C. §552(a)(4)(B) because Wyatt, Tarrant & Combs, LLP's principal place of business is in this district.

## PARTIES AND FACTS

4. Plaintiff, Wyatt, Tarrant & Combs, LLP, is a limited liability partnership that represents the plaintiff providers in two cases styled *Appalachian Regional Healthcare, Inc. et al. v. Coventry Health and Life Insurance Company, et al,* Case No. 5:12 ev 000114-KSF (E.D. Ky), and *Appalachian Regional Healthcare, Inc., et al. v. Kentucky Spirit Health Plan, Inc., et al*, Case No. 3:12-cv-00026-DCR (E.D. Ky). These cases deal with, among other things, alleged inadequacies of the defendant managed care companies' networks in Eastern Kentucky and other alleged problems with the implementation of the Medicaid managed care. One of these managed care companies has, subsequent to the filing of the aforesaid lawsuits, announced it is

leaving the State and has sued the Commonwealth in an action styled *Kentucky Spirit Health Plan, Inc. v. Commonwealth of Kentucky, Finance And Administration Cabinet, et al.*, Civil Action No. 12-CI-1373 (Franklin Cir.). In that action Kentucky Spirit alleges that the Commonwealth's failure to provide complete and accurate information during the Waiver bidding process caused it to lose over $120 million in eleven months since November 1, 2011. In the meantime that same company is informing many providers that it will pay them only 65 percent of the Medicaid rates during the next several months prior to its withdrawal from the Commonwealth. The third managed care company, WellCare Health Insurance of Illinois, Inc., has been giving notice to many of its providers that it is terminating their contracts in the next 90 to 120 days. It claims those contract terminations are due to the inadequacy of the capitated payments it receives from the Commonwealth. In short, the Kentucky Medicaid managed care experiment appears to be on the verge of collapsing after one year. CMS' role as the federal watch dog agency for the Medicaid Program is of utmost importance in this whole affair.

     5. CMS is an agency within the United States Department of Health and Human Services having possession of, and control over, certain public records previously requested by Plaintiff pursuant to the FOIA.

     6. The Kentucky Medicaid managed care experiment began on November 1, 2011, less than four months after the managed care contracts were let and, according to the State Medicaid agency, after a "readiness review" by, and with the full approval of, CMS. From the very start the implementation of the Waiver has been fraught with problems. By a letter dated December 29, 2011, Plaintiff first submitted a FOIA request to CMS requesting copies of records, as follows:

(a) All correspondence between the Centers for Medicare and Medicaid Services ("CMS") and the Kentucky Department for Medicaid Services (the "Department") regarding the review and approval of Kentucky's Medicaid managed care program, which became effective November 1, 2011 and the approval of any waivers related thereto.

(b) A copy of a request for proposal or other document submitted by the Department or the Commonwealth of Kentucky describing the proposed Medicaid managed care program and requesting that CMS approve a waiver for such program.

(c) All notes from meetings or phone conferences between CMS and the Department or other representatives of the Commonwealth of Kentucky discussing the Commonwealth's Medicaid managed care program.

(d) A copy of the document or documents transmitted by CMS to the Department or the Commonwealth of Kentucky approving the waiver pursuant to which Kentucky will operate its Medicaid managed care program. It is our understanding that the Commonwealth of Kentucky may have received such approval on or about September 8, 2011.

(e) All documents that the Commonwealth of Kentucky or any managed care organization submitted to CMS as evidence that the Commonwealth of Kentucky's Medicaid managed care program met the requirements for a waiver from CMS, including, but not limited to, documents that demonstrate adequacy of access to physical and behavioral health services for Medicaid beneficiaries, documents that indicate the adequacy of each managed care organization's provider network, and documents that relate to the rates for services under the managed care program.

(f) All documents that highlight the standards by which CMS judged the proposed Kentucky Medicaid managed care program and indicate the program met such standards, such as checklists or charts that contain the standards that the program met to obtain waiver approval.

(g) Any documents related to CMS' approval of rates that the managed care organizations may pay for services, including, but not limited to, any documents discussing a transition period for charges for out of network services and any documents that discuss the adequacy of the rates that will be paid to providers under the Kentucky Medicaid managed care program.

      (h)    Any documents related to CMS' analysis of whether the capitation rates paid by the Commonwealth of Kentucky or the Department to the various managed care organizations are actuarially sound.  These include, but are not limited to, any certifications provided to CMS by the Commonwealth of Kentucky or the Department that the capitation rates are actuarially sound and any documents provided to CMS by the Commonwealth of Kentucky or the Department demonstrating the Commonwealth of Kentucky's projection of expenditures under the Medicaid managed care program as compared to its spending under its prior fee for service Medicaid program.

(hereinafter the "**FOIA** Request").  A true and accurate copy the FOIA Request is attached as **Exhibit A** to Exhibit 1 hereto.[1]

      7.    This information was requested to determine the nature and extent of any assurances provided CMS, the nature and extent of the "readiness review" performed by CMS, and any conditions or limitations placed on the grant of the Waiver or its implementation.

      8.    On January 17, 2012, CMS acknowledged its receipt of the FOIA Request and confirmed its assignment of "Control Number 011120127050 and PIN H8M3" to the FOIA Request. A true and accurate copy CMS's January 17, 2012 acknowledgment letter is attached as **Exhibit B** to Exhibit 1 hereto.

      9.    On March 8, 2012, Plaintiff wrote CMS and requested that CMS provide the date on which CMS expected to respond to the FOIA Request.  A true and accurate copy of this March 8, 2012 letter is attached as **Exhibit C** to Exhibit 1 hereto.

---

[1] As is averred in more detail, *infra*, on October 29, 2012, Plaintiff sent a Request to Expedite to CMS with Exhibit A through O attached to it.  That Request to Expedite is attached hereto as Exhibit 1 with all its Exhibits lettered alphabetically.

10. To date, CMS has failed to respond to Plaintiff's FOIA Request or to the March 8, 2012 letter requesting that CMS provide a date on which CMS expected to provide a response.

11. CMS's online tool for checking the status of a FOIA request to CMS is found at http://www.cms.gov/apps/FOIA/check-status.aspx .The most recent check showed that as of December 1, 2012, the projected date of CMS's response to the FOIA Requests is still "undetermined".  A true and accurate copy of the status report dated December 1, 2012, and provided by CMS's online tool is attached as **Exhibit 2** hereto..

12. The FOIA requires that an agency shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency in the adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

13. Since more than eleven months have passed since CMS received ARH's FOIA request, CMS is in violation of its statutory obligations under 5 U.S.C. § 552(a)(6)(A)(i). Moreover, CMS has not availed itself of an extension of the 20-day time limit as permitted under 5 U.S.C. § 552(a)(6)(B), nor has it provided a projected date on which CMS will respond to the FOIA Request.

14. Plaintiff has a right of access to the requested records under 5 U.S.C. § 552(a)(3).  There is no legal basis for CMS's failure to timely respond to Plaintiff's FOIA request or for CMS's failure to timely make the requested records available.

15. On October 29, 2012, Plaintiff sent CMS another letter both by telefax and Federal Express this time requesting that CMS expedite processing of the ten-month old FOIA

Request pursuant to the provisions of 5 U.S.C. §552(a)(6)(E). A true and correct copy of the October 29, 2012 Letter (the "**Expedited FOIA Request**") and its Exhibits is attached hereto as **Exhibit 1**. In this Expedited FOIA Request Plaintiff detailed the history of the pending litigation, and the other recent developments, stressing the compelling need for the requested FOIA materials for litigation.

16. The FOIA requires that the agency shall also provided for expedited processing of requests on records where the requestor demonstrates a compelling need and in other cases determined by the agency. In such cases the agency must ensure that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request…." 5 U.S.C. § 552(a)(6)(E)(ii).

17. CMS has, as of this date, failed to respond in any manner to the Expedited FOIA request.

18. An agency's failure to respond in a timely manner to such a request is subject to judicial review. 5 U.S.C. §552(a)(6)(E)(iii).

19. Plaintiff has an urgent and compelling need for the requested records to enable it to investigate and evaluate claims made and defenses raised in the pending lawsuits as well as to prepare for additional litigation that appears imminent. In addition, the public has a right to know the facts on which CMS based its approval of the Medicaid Managed Care Waiver which has been implemented in such a disastrous manner in Kentucky.

**WHEREFORE** Plaintiff prays that the Court:

A. Declare that CMS's failure to timely respond or to disclose the requested records is unlawful;

B.   Enjoin CMS from withholding agency records and Order CMS to promptly make the requested records available to Plaintiff;

C.   Expedite resolution of this FOIA claim pursuant to 28 U.S.C. § 1657;

D.   Find that CMS' failure to respond to Plaintiff's FOIA request is arbitrary and capricious;

E.   Award Plaintiff its costs and reasonable attorney fees incurred in connection with its claims against CMS, as provided in 5 U.S.C. § 552(a)(4)(E); and

F.   Grant Plaintiff such other and further relief that the Court deems just and proper.

Respectfully submitted,

 s / Stephen R. Price, Sr.
Stephen R. Price, Sr.
sprice@wyattfirm.com
John W. Woodard, Jr.
jwoodard@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky  40202-2898
502.589.5235

*Counsel for Plaintiff*

60294027.2